IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 12-cv-00744-AW |
| HEMINGWAY HOMES LLC, *et al.*, | * |
| Defendants. | * |

**********************************************************************

**MEMORANDUM OPINION**

The matters currently pending before the Court are Plaintiff Allstate Insurance Company's ("Allstate")'s Motion for an Order Voluntarily Dismissing Plaintiff's Claims Against Defendant Hemingway Homes, LLC ("Hemingway") Without Prejudice, Doc. No. 24, and Defendant Builder Services Group's ("BSG")'s Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration, Doc. No. 26.  The Court has reviewed the motion papers and finds that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2011).  For the reasons articulated below, Allstate's Motion will be GRANTED, BSG's Motion to Dismiss will be DENIED, and BSG's Motion to Stay Proceedings will be GRANTED.[1]

---

[1] Also pending is Hemingway's Motion to Dismiss to Compel Arbitration.  Doc. No. 22.  That Motion will be DENIED as moot given that the Court will grant Plaintiff's Motion to voluntarily dismiss its claims against Hemingway based on the arbitration provision in the contract between the Gordons and Hemingway.  Moreover, because the Court will be staying these proceedings, BSG's Motion for Extension of Time to Submit Expert Disclosures, Doc. Nos. 27 and 28, will be DENIED as moot.

1

I.      FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the Complaint and the parties' briefs on the pending motions. At some point prior to January 24, 2011, Ian and Gail Gordon ("the Gordons") contracted with Hemingway to design, build, and construct the residence located at 10011 Counselman Road in Potomac, Maryland. BSG, doing business as G&B Insulation, Inc., allegedly installed the insulation in the property. As a result of allegedly defective insulation, the pipes in the second floor laundry room froze and cracked, causing a leak which damaged the home and the property contained within. Pursuant to an insurance policy, Allstate paid the Gordons $149,537.58 for the damages caused by the leak.

Allstate, subrogated to the rights of the Gordons, brought this action on March 9, 2012, alleging negligence, breach of contract, and breach of warranty against Hemingway and negligence and breach of warranty against BSG for the allegedly defective insulation. On August 2, 2012, Defendant Hemingway filed a Motion to Dismiss and Compel Arbitration pursuant to an arbitration clause in the contract between the Gordons and Hemingway. In response, Allstate has recognized the arbitration provision in the insureds' contract and is willing to proceed to arbitration with Hemingway. BSG refused to stipulate to the dismissal of Hemingway, however. On August 20, 2012 Allstate filed its Motion for an order voluntarily dismissing its claims against Hemingway. BSG opposes Allstate's Motion, and requests that in the event that the Court dismisses the claims against Hemingway, the Court should also dismiss the claims against BSG or, in the alternative, stay the proceedings pending arbitration between Allstate and Hemingway.

**II.     ANALYSIS**

Allstate sought the agreement of all parties to a stipulation of dismissal under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, but BSG did not agree to such a stipulation. Accordingly, this action may be dismissed "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) "empower[s] district courts to exercise discretion over voluntary dismissals." *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007). District courts should freely allow voluntary dismissals under Rule 41(a)(2) provided that none of the parties are unfairly prejudiced. *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 Fed. App'x 244, 245 (4th Cir. 2008) (citing *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987)). "[T]hus, a district court should grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant." *Bridge Oil*, 321 Fed. App'x at 245 (quoting *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001)).

Consideration of Rule 41(a)(2) does not end the analysis, however. Voluntary dismissal is only appropriate where the party to be dismissed is not an indispensable party under Federal Rule 19. *See, e.g.*, *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 768 (3d Cir. 1991). Courts use a two-step test to determine whether a party is indispensable. *R-Delight Holdings, LLC v. Anders*, 246 F.R.D. 496, 498 (D. Md. 2007) (citing *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999)). The Court first must determine whether the party is "necessary" to the action under Rule 19(a). *R-Delight*, 246 F.R.D. at 498. A party is "necessary" when

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  If a party is necessary, the Court must next determine whether the party is indispensable under Rule 19(b).  *R-Delight Holdings*, 246 F.R.D. at 499.  In considering indispensability, the Court examines four factors:

> First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed . . . .

*Id.* (citing Fed. R. Civ. P. 19(b)) (alterations omitted).

BSG's opposition to the dismissal of Hemingway, or alternatively, its argument that the claims against it should be dismissed if Hemingway is dismissed, is largely premised on its factual claim that its work on the Gordons' home "was not the cause of the pipes freezing."  Doc. 26 at 5.  Such arguments are premature and unsubstantiated at this point, as discovery has only recently begun and the Court is merely deciding as a procedural matter whether this case can proceed without Hemingway.  Furthermore, it is well settled that Rule 19 does not require the joinder of all joint tortfeasors that are subject to joint and several liability.  *See, e.g.*, *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983); *Marshall v. James B. Nutter & Co.*, 816 F. Supp. 2d 259, 265 (D. Md. 2011); *see also* Fed. R. Civ. Pro. 19 advisory committee's note (1966) ("[A] tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.").  The Court discerns no unfair prejudice to BSG in dismissing Hemingway and maintaining Allstate's claims against BSG.  Furthermore, the Court must give effect to the arbitration provision in the contract between the Gordons and Hemingway, *see* 9 U.S.C. § 2 (2009), and not dismissing the claims against Hemingway despite the provision would unfairly prejudice Hemingway.  Furthermore, to also dismiss the claims

against BSG, where BSG has refused to participate in the arbitration, would be prejudicial to Allstate.

Although Allstate's claims against BSG will not be dismissed, the Court concludes that staying the litigation pending arbitration is appropriate in these circumstances.  The Court has "broad discretion to stay proceedings." *Clinton v Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  "In determining whether to grant a stay of proceedings, the Court considers the length of the requested stay; the hardship that . . . the movant would face if the motion were denied, the burden a state would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *Brooks v. Prestige Fin. Servs., Inc.*, No. 11-cv-02370-AW, 2011 WL 4914648, at *2 (D. Md. Oct. 14, 2011) (citations omitted) (internal quotation marks omitted).

Allstate's claims against Hemingway in arbitration and its remaining claims against BSG arise from the same nucleus of facts.  Even though BSG is not a party to the arbitration, staying the proceedings between Allstate and BSG promotes judicial economy by preventing the same set of facts from being litigated in two separate forums.  *See, e.g.*, *Am. Home Assurance Co. v. Vecco Concrete Const. Co.*, 629 F.2d 961, 964 (4th Cir. 1980);  *Am. Heart Disease Prevention Found., Inc. v. Hughey*, 106 F.3d 389 (table), 1997 WL 42714, at *6 (4th Cir. Feb. 4, 1997) *Kondzie v. Fannie Mae Corp.*, 593 F. Supp. 2d 863, 872–72 (E.D. Va. 2009).  Staying the proceedings between Allstate and BSG also prevents the possibility of inconsistent results between the two forums and any resulting prejudice to BSG.  *See, e.g.*, *Am. Home Assurance*, 629 F.2d at 964; *see also Simmons Food, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co.*, 634 F.3d 466, 470 (8th Cir. 2011) (""A district court may enter a stay pending arbitration to ensure consistency.").

Allstate has not demonstrated that staying the litigation against BSG would unfairly prejudice its interests. Allstate will be able to litigate the facts and determine the liability, if any, of Hemingway in the arbitration proceedings, which is likely to streamline the issues for this Court in the event the stay is lifted. The parties failed to inform the Court as to the expected timeline of the arbitration between Allstate and Hemingway. Accordingly, the Court will order the remaining parties in this action to file a report every six months describing the status of the arbitration and whether the parties anticipate moving to lift the stay and reopen the case for any reason.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's Motion for an Order Voluntarily Dismissing its claims against Hemingway, DENIES BSG's Motion to Dismiss, and GRANTS BSG's Motion to Stay Proceedings Pending Arbitration. A separate Order will follow.

|  |  |
|---|---|
| October 2, 2012 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |